## DEPARTMENT OF LIQUOR CONTROL v C D PETERS ICE & COAL CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 4975. Decided Nov 12, 1935

John W. Bricker, Columbus, Isadore Topper, Columbus, and E. G. Schuessler, Cincinnati, for plaintiff in error.

Alvin H. Rowe, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

It is obvious that where such a motion is granted that a substantial right of the plaintiff in the action is seriously jeopardized, and that decisions holding such to be the case are in no way helpful in determining the existence of finality as to one who stands in the position of a garnishee, such as is maintained in a proceeding in aid of execution by the party served with an order to pay money to a judgment creditor. See: 2 **Ohio Jur., p. 146, §128.** §12258, GC, provides as follows:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

It has been held by the Court of Appeals for Franklin County that the overruling of a motion to quash service upon a garnishee in a proceeding in aid of execution was not a final order, for the reason that the garnishee was not a proper party to the action below, and consequently could not sustain the impairment of any substantial right. State of Ohio, Department of Liquor Control v Dispatch Printing Co. and Milton P. Hain, decided September 26, 1935.

The case of **Secor v Witter, 39 Oh St, 218,** has been followed by the courts of this state for many years. The second paragraph of the syllabus of this case reads:

"In an action before a justice of the peace a garnishee who is summoned to answer is not a party, nor has he his day in court in that action. His duty is to appear and answer all questions touching the property and credits of defendant in his possession or under his control, and truly disclose the amount owing by him to defendant, whether due or not, and whether upon a negotiable instrument or otherwise."

We see no difference in principle between the position of a garnishee in the court of a justice of the peace and one upon whom an order to pay or appear has been made in a proceeding in aid of execution. The recipient of such an order in such a proceeding may proceed as he sees fit regarding the order. No judgment is effective against such recipient until after a proceeding in which he is a party and is directly attacked. Such a one is fully protected both in the initial trial and in his right to proceedings in error from an adverse judgment.

In the instant case it appears that the Department of Liquor Control asserts it is a part of the government of the state and can not be sued. It has not yet been sued and its claim is at this time in this court therefore premature.

It is asserted that excess litigation can be avoided by permitting the decision of this question here and in this proceeding. Such a claim could be made with equal truth in many cases in which no claims for such relief could under our present procedure be asked.

A proceeding in error is limited to those whose substantial rights are affected and who will therefore be permanently barred from any future adjudication of those rights under the principle of res adjudicata. No such claim can be made for the Department as to its rights.

We find no reason or authority to change the rule under which courts have proceeded for many years, and which rule has resulted in full protection to the rights of all those directly or indirectly concerned.

The motion to dismiss will be granted for the reason that the Department of Liquor Control of the State of Ohio being a garnishee in a proceeding in aid of execution was not a proper party to such proceeding, is secured in having its day in court, can have in such proceeding no adverse judgment against it, and can, therefore, have in this proceeding after judgment no substantial right affected, and, therefore, the order from which error proceedings have been prosecuted can not be a final order as to such Department of Liquor Control.

MATTHEWS and HAMILTON, JJ, concur.