STERLING FINANCE CO. *v.* THORNHILL.

[Cite as Sterling Finance Co. v. Thornhill (1970),
25 Ohio Misc. 213.]

(No. 77134—Decided October 22, 1970.)

Hamilton County Municipal Court.

*Mr. David W. Matthews* and *Messrs. Taft, Stettinius &
Hollister*, for defendant.
*Mr. Lee B. Kasson*, for plaintiff.

DOAN, J. This was a proceeding in aid of execution
and the facts are not in dispute. On July 13, 1970, the
plaintiff filed an affidavit and order in aid of execution
upon a judgment, the original amount of which was $240.26
and upon which there was a balance due at the time of
filing of $104.26. This order was served upon the garnishee,
the General Electric Company, on July 15, 1970, and on
July 17, 1970, the garnishee filed an answer that it was
holding the sum of $37.28, being 25 percent of the dis-
posable earnings of the defendant for the week in which
the garnishment proceeding was served upon it.

The garnishment proceeding came on for hearing on July 23, 1970, at which time plaintiff asked for and was granted a continuance to issue a subpoena for the garnishee requesting the earnings of the defendant, both net and gross, for the period June 15, 1970, through July 30, 1970. In response to this subpoena the garnishee filed the following supplemental disclosure regarding the earnings of the defendant:

| "Week Ending | Hours Paid | | Rate | Gross | Net |
|---|---|---|---|---|---|
| 06-21-70 | 75.99 | X | 3.5050 | $262.88 | $194.95 |
| 06-28-70 | 51.70 | X | 3.5050 | $181.21 | $131.59 |
| 07-05-70 | 43.00 | X | 3.5050 | $431.12 | $331.00 |
| | (this includes 80.0 vacation) | | | | |
| 07-12-70 | 52.00 | X | 3.5050 | $182.26 | $138.80 |
| 07-19-70 | 50.00 | X | 3.5050 | $175.26 | $126.19 |
| 07-26-70 | vacation | X | 3.5050 | $—0— | $—0— |
| 08-02-70 | vacation | X | 3.5050 | $—0— | $—0—" |

The court will disregard the 80 hours of vacation pay for the week ending July 5, since this cannot be considered as wages earned within the 30 days preceding service of the garnishment order; so that the defendant earned in the 30 days prior to the garnishment the gross sum of $770.07.

R. C. 1901.21(A), provides in part as follows:

"In any civil case or proceeding if no special provision is made in R. C. 1901.01 to 1901.38, inclusive, the practice and procedure shall be the same as in courts of common pleas. If no practice or procedure is provided for in the courts of common pleas, then the practice or procedure of county courts shall apply."

Garnishee contends that by virtue of this statute the court is compelled to follow the statutes relating to garnishments in common pleas sections of the Ohio Revised Code such as 2715.11 *et seq.* and 2329.62 *et seq.* The court cannot agree with this contention, since R C. 2305.01, provides, in part, as follows:

"The court of common pleas has original jurisdiction

in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts; * * *."

Since under R. C. 1909.05, the jurisdiction of county courts is up to $500, courts of common pleas have no jurisdiction where the original amount in dispute is less than this amount (in our present case the original judgment was $240.26), and the garnishment rules in the county court sections must apply.

County court garnishment procedure and rules are contained in R. C. 1911.21 through 1911.57 and 1917.37 through 1917.43, and, whether an attachment before judgment is involved or a proceeding in aid of execution after judgment is sought, all sections must be used where applicable since,

"We see no difference in principle between the position in the court of a justice of the peace (now county court) and one upon whom an order to pay or appear has been made in a proceeding in aid of execution." *Department of Liquor Control* v. *C. D. Peters Ice & Coal Co.*, 20 Ohio Law Abs. 371, at page 372. (1st District Court of Appeals, 1935, per Ross, J.)

Under R. C. 2329.66, as it existed at that time plaintiff would have been entitled to 17½ percent of the gross earnings of the defendant for the 30 days preceding the service of the garnishment order upon the garnishee or $192.52. The garnishee process remains in force from the time of its service upon the garnishee until the hearing of the proceedings in court (R. C. 1911.38, 1911.43, and 1911.54) and does subject future earnings to garnishment (R. C. 1917.40). From the time the garnishee was served until the hearing on the proceedings the defendant had due him the disposable sum of $264.99 and plaintiff could get its full 17½ percent if only state law were applied.

However, the amount of the order is further limited by federal law, namely Title 15, Section 1673, U. S. Code, which provides in part as follows:

"* * * the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed,

"(1) 25 per centum of his disposable earnings for that week * * *."

Since federal law must be followed if it is more restrictive, the plaintiff is entitled to 25 percent of $264.99 or $66.25.

It is therefore ordered that the garnishee, the General Electric Company, pay into court the sum of $66.25 to be applied to the judgment and costs in this case.