**FLEISCHER, Plaintiff-Appellant v. COMMERCIAL MOTOR FREIGHT INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19781.   Decided November 6, 1944.

Woodle & Wachtel, Cleveland, for plaintiff-appellant.
Sanders & Sanders, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This action comes to this court on questions of law from a judgment entered for the defendant in the Municipal Court of Cleveland.

The plaintiff filed an action for money only in the Municipal Court against James Borgia as defendant. Upon hearing of this cause the court rendered judgment against James Borgia and in favor of the plaintiff in the sum of $70.00 and the costs of the action. Thereafter, on May 5, 1943, the plaintiff filed an aid of execution proceeding in which she named the defendant in the instant case, Commercial Motor Freight Inc., as garnishee. The plaintiff's judgment debtor was then and had been for some time before the filing of the execution proceedings an employee of the garnishee.

On May 7, The Central National Bank of Cleveland also a judgment creditor, filed a proceeding in aid of execution against the said defendant Borgia, and The Commercial Motor Freight Inc., was named garnishee therein, as was also true of a like proceeding by The Rockford Furniture Company, a judgment creditor, filed on May 12th against the said Borgia. Service was had on the garnishee in the plaintiff's aid proceeding on May 6, 1943 and in the proceeding of The Central National Bank service was had on the garnishee on May 11th and in the furniture company's proceeding service was had on the garnishee on May 13, 1943.

Upon the service of notice on the garnishee on May 6, 1943 in the plaintiff's aid of execution proceedings, the garnishee held the sum of $42.00 to await the order of the court.

The plaintiff's aid proceeding came on for hearing before a referee appointed by the court, on the 14th day of May, 1943, and upon the hearing the referee ordered the garnishee to pay into court, to apply on the plaintiff's judgment, 20% of the first $200.00 and 40% of the balance due the judgment debtor from personal earnings earned in the thirty days next preceding May 5, 1943, plus $2.25 costs.

On the same day the referee, without notice to the plaintiff, issued an order which was delivered to the garnishee, The Commercial Motor Freight Inc., directing the same garnishee to release to the judgment debtor, James Borgia, the amount then retained by The Commercial Motor Freight Inc., in excess of $14.00 and to pay into court the sum of $14.00 to be applied on the judgment of the plaintiff. Separate orders of like import were issued by the referee on May 18th and May 21st

in favor of the judgment creditors, The Central National Bank and The Rockford Furniture Company, in their respective execution proceedings. These three separate orders in favor of each of the judgment creditors in their respective aid of execution proceedings constituted an equal apportionment of the sum of $42.00 which had been retained by the garnishee, The Commercial Motor Freight Inc., out of the wages of the judgment debtor, James Borgia, upon being served with the order in aid of execution on May 6th in the proceeding instituted by this plaintiff, Helen Fleischer.

The defendant, The Commercial Motor Freight Inc., complied with said order and paid into court the sum of $14.00 in each of the three execution proceedings. The amount that was paid to plaintiff in this action was, however, not paid until August 3, 1943, which was about a month after this proceeding was commenced. The plaintiff filed the instant case against the garnishee, defendant herein, seeking a judgment in the sum of $42.00 claiming to be entitled to the full amount held by it as garnishee upon receiving notice of the aid proceedings on May 6, 1943. The trial court found for the defendant. Its conclusion of law, based on the foregoing facts, was:

"The within action is based purely on a statutory right to bring an action against a garnishee when it fails to conform with the court order as enumerated under §§11760-11785 GC, and that as a matter of law the defendant herein having complied with the order of the court in all respects, the plaintiff's cause of action fails."

It is the contention of plaintiff that service of notice of the aid of execution proceedings upon the garnishee constituted an equitable assignment of such funds of the judgment debtor then in the possession of the garnishee, as were by law then subject to such execution, and that the court is without power or authority to deprive plaintiff of her right to have all of the funds thus held paid into court to apply upon her judgment. The plaintiff further contends that inasmuch as the garnishee is not bound to comply with the order of the court to pay whatever monies the court finds is subject to the aid of execution proceedings, that the plaintiff is likewise not barred by such order from bringing a direct action against the garnishee as provided by §11851 GC. Section 11851 GC is a part of Chapter 2 of Division VI, entitled "Provisional Remedies" and therefore has no application to a proceeding in aid of execution. The provision of the statute which provides for a direct action against a garnishee in an aid of execution

proceeding is §11765 GC which is a part of Chapter 2, Division V entitled "Enforcement of Judgment."

This section provides:

"The garnishee shall 'pay over to the officer all money in his hands, or under his control, or which may come into his hands or control, belonging to the defendant, not exceeding the amount of the judgment and costs, and deliver to the officer all property and credits of the defendant in his hands, or which may come into his hands and take his receipt for such money, property or credits, which shall be a sufficient discharge of liability therefor. Upon refusal by such garnishee to pay over money or deliver property or credits as above required, the plaintiff may commence an action therefor, in his own name, against the garnishee, and recover them with costs."

The making of an order by a court acting within its jurisdiction, in directing or refusing to direct a garnishee to pay funds into court after hearing in an aid of execution proceeding is a final order from which the parties to the action, but not the garnishee, has a right to prosecute an appeal on questions of law.

In the case of **Welch v Pittsburgh, Fort Wayne & Chicago, Railroad Company, 11 Oh St 570,** the court had before it a proceeding under §474 GC (Section 5475 R. S.—§11772 GC) which was originally filed in the probate court in which the plaintiff attempted to subject to the payment of his judgment against the defendant railroad company's money in the hands of a named garnishee who was a station agent of the defendant. Upon hearing, the court held that such agent did not have in his possession funds which could be taken to satisfy plaintiff's judgment. Proceedings in error were prosecuted to common pleas court, which proceedings were dismissed because they were not properly perfected by the filing of a bill of exceptions containing all of the evidence presented at the trial. The supreme court, in affirming the judgment of the common pleas court, in part held:

Syllabus 1: "Where, in a proceeding before a judge under §464 GC, to examine a person alleged to have in his hands property belonging to the judgment debtor, an order is made, after the examination, discharging such person as having no property in his hands subject to the satisfaction of the judgment; without some exception taken at the time and some step to suspend the effect of the order, and on a petition in

error to which the judgment debtor alone is a party, the action of the judge cannot be reviewed."

And on page 571 of the opinion, the court says:

"A final order, made by a tribunal, board or officer exercising judicial functions and inferior in jurisdiction to the court of common pleas, may be reversed, vacated or modified by that court. **Sec. 511 GC** (Sec. 6708 R. S.) (Analagous to §12223-3 GC). An order affecting a substantial right made in a special proceeding is deemed such a final order. **Sec. 512 GC** (Sec. 6707 R. S. §12223-2 GC)."

In the case of **State ex rel Fulton v Heinrich, 48 Oh Ap, 455,** an aid of execution proceeding was instituted to subject funds in the hands of The Great Lakes Sugar Company, which it was claimed was the property of the judgment debtor, to the satisfaction of plaintiff's judgment. The court, on page 456 of the opinion, says:

"The trial resulted in an order and judgment that the Great Lakes Sugar Company be released from the process of the court and that it pay the defendant, Heinrich, the amount owing by it. From that order and judgment, error is prosecuted to this court. We have no doubt that such an order is a final order from which error may be prosecuted."

The Court of Appeals of the First District, in the case of **Hamilton v Temple,** which was decided June 27, 1938 and reported in **27 Abs 572,** in considering the question as to whether or not an order issued by a court with respect to the availability of funds or property of a judgment debtor, which a judgment creditor claims are in the hands of a garnishee, is in fact a final order, said:

"We should observe here that we know of no provision of the law authorizing a garnishee to move for his dismissal. The court has no jurisdiction to make any order that is binding upon him. However, the court does have jurisdiction to refuse to make an order against the garnishee, and of course when the evidence shows no right to an order, it should not be made.

The first question presented is, whether the order dismissing the garnishee can be reviewed by this court on appeal on questions of law by the plaintiff. That depends on whether

it comes within the designation of a judgment as that term is used in **Section 6 of Article IV of the Constitution,** which confers jurisdiction upon this court. We have set forth our views on the meaning of the constitutional provision in **Ryan v Kroger Grocery & Baking Co., 56 Oh Ap 469,** and will not repeat them here. It is sufficient to say that if the order divests some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition, after the expiration of the term, it is a judgment or final order. The order must determine finally some right of the parties to be appealable to this court. We think this order dismissing the garnishee, answers that description. It is the equivalent of an order dissolving the attachment. The right in the nature of a lien to subject the chose in the hands of the garnishee is thereby taken from the plaintiff."

The order of the municipal court directing the garnishee defendant herein, to pay into court the sum of $14.00 to apply toward the satisfaction of plaintiff's judgment, was a final order from which plaintiff could have instituted an appeal on questions of law, if she felt aggrieved thereby. Having failed to appeal from such order, the order of the court determines, so far as plaintiff is concerned, her rights in the monies found in the hands of the garnishee.

The plaintiff having invoked the jurisdiction of the court is bound by its judgment upon the issues presented, when such judgment is entered upon the journal of the court. The plain-**tiff cannot thereafter disregard** such finding and seek other relief by a separate action against the garnishee after he has complied with the order. Only in the event of the garnishee's failure to comply with the order of the court, can plaintiff maintain an action against him, as is provided by §**11765 GC supra.** And this is true, even though the garnishee is not equally bound by the finding of the court. The reason for this is obvious. The garnishee is not a party to the action and therefore before a judgment may be entered against him he must be afforded his day in court. Sec. **11765 GC** was enacted to afford the garnishee the means of litigating any issues necessary for his complete protection.

The judgment of the municipal court is therefore affirmed. Exceptions.

MORGAN, P. J. and LIEGHLEY, J., concur.