J. English & Co., Appellant, v. Dunn, Appellee, et al.

[Cite as English v. Dunn (1972), 31 Ohio App. 2d 181.]

(No. 11410—Decided January 25, 1971.)

Mr. Lee B. Kasson, Jr., for appellant.

Messrs. Frost & Jacobs, for Cincinnati Bell, Inc., garnishee.

Per Curiam. There has been filed an appeal upon questions of law from an order of the Hamilton County Municipal Court and we consider now a motion to dismiss such appeal and a motion to strike that motion from the files.

In the case at bar, an affidavit and order in aid of execution upon a judgment earlier obtained was filed and the summons returned endorsed on August 17, 1970. The garnishee, employer of the judgment debtor, was ordered to appear at a specified time and place "to answer questions respecting said garnishee's liability * * *." The order also contained this advice to the garnishee: "It will not be necessary for you to appear as ordered if prior to the above date you furnish the court in writing the amount of money or property held and, if defendant is an employee, his earnings during the past 30 days." On September 2, 1970, the garnishee "answered" by setting forth in a letter to the clerk of courts the amount earned in the week preceding the issuance of the order and the amount due and owing the employee.

The judgment creditor then issued a subpoena duces tecum to the garnishee seeking production of the record

of earnings of the judgment debtor from July 19, 1970, through September 10, 1970, together with certain other information. A motion to quash the service of the subpoena was filed by the garnishee and granted on the ground that some of the information demanded had already been supplied by the "answer" of the garnishee and the rest sought was immaterial.

Then, the court ordered the garnishee to pay into court a sum the court calculated to be due the judgment creditor which was less than the balance unpaid upon the original judgment. It is from such order that this appeal is taken by the judgment creditor.

The motion to dismiss the appeal has been filed by the garnishee.

In *Department of Liquor Control* v. *C. D. Peters Ice & Coal Co.* (1935), 20 Ohio Law Abs. 371, this court decided that a garnishee is not a party to the action, citing *Secor* v. *Witter*, 39 Ohio St. 218. As the Supreme Court observed in *The Peoples Bank & Savings Co.* v. *Katz* (1946), 146 Ohio St. 297, at page 301:

"The garnishee is the witness of neither the judgment creditor nor the judgment debtor. He is a stakeholder or custodian of the funds or property in his hands for one or the other of the litigants as the law may determine. His duty is to let the law have its course between them."

Consequently, the motion of the appellant judgment creditor to strike the motion of the garnishee to dismiss the appeal is granted because the garnishee, not being a party below, is not a party to this appeal.

However, *sua sponte*, we will consider whether the order appealed from is a final, appealable order.

R. C. 1917.37 *et seq.*, which concern third persons who are liable to judgment debtors, provide the method to determine whether a person, partnership, or corporation is holding money to which a judgment creditor may have access. However, such statutory directives were not followed in this case.

The garnishee was not compelled to appear and answer under oath as required by R. C. 1917.37 although it was

served with summons to do so in harmony with R. C. 1917.-38.

The aberration was induced by the inclusion of the advice that personal appearance by the garnishee could be avoided by supplying certain information in writing, a procedure not provided for by statute. As a result, there issued an order upon the garnishee to which the judgment creditor excepted. The question becomes: is such order appealable?

R. C. 1917.42 provides for appeal, but we conclude that such does not lie from the order to pay but, rather, from the civil action provided for in R. C. 1917.41, upon the failure of the garnishee to comply with the order of court. See *Secor* v *Witter, supra; Duffey* v *Reardon,* 70 Ohio St. 328 at 333; *LaGrass* v. *Credit Investment Co.* (1953), 69 Ohio Law Abs. 231; and *Morrow* v. *Blue* (1906), 5 N. P. (N. S.) 17, where at page 19 this exposition of the problem appears:

"If the claim of plaintiff herein—that the order upon the person examined to pay the money into court is a final order—be a tenable proposition, then it is extraordinary that the Legislature did not provide for some method of enforcing this order without bringing further action. If that order was in fact a judgment, why was not some provision made for issuing execution to satisfy that judgment? If it were a final order, why require the plaintiff to go through the formality of bringing a civil action in order to ripen that into a judgment which was already a judgment in substance? That would seem to require the doing of a vain and purposeless thing. Moreover, if the contention of plaintiff be true that said order is a final order, then the provision that plaintiff may bring a civil action is not only authorizing him to do a purposeless thing, but more extraordinary still, it authorizes the bringing of an action against a defendant who is not permitted to make a defense."

Therefore, we conclude that the judgment creditor's appeal must be dismissed because the order directing the garnishee to pay into court monies owing a judgment deb-

184

tor is not a judgment or final order from which an appeal may be taken.

*Appeal dismissed*

SHANNON, P. J., and HESS, J., concur.
HILDEBRANT, J., not participating.