First National Master Charge, Appellee, *v.* Gilardi, Appellant.

[Cite as First Natl. Master Charge v. Gilardi (1975), 44 Ohio App. 2d 383.]

(No. C-74135—Decided March 24, 1975.)

*Mr. Sylvan P. Reisenfield,* for appellee.
*Mr. Robert F. Laufman,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket; the journal entries; the original papers from the Hamilton County Municipal Court; and the assignment of error, briefs, and arguments of counsel.

The defendant, the appellant herein, maintained a checking account with the Central Trust Bank of Cincinnati, the garnishee herein. His only source of income is poor relief and general welfare benefits of $333 per month for himself, his wife and seven minor children. The bulk of such benefits, in December 1973 and January 1974, were deposited to his checking account. Pursuant to a judgment entered against him in favor of a creditor, the plaintiff, appellee herein, an order of garnishment against the checking account was duly issued and served, and the garnishee ordered to pay into court $253.36. The appeal is before us on a question of law raised by the judgment debtor whose welfare funds were thus subjected to garnishment.

Preliminarily, in order to dispose of what might otherwise appear an anomaly between our consideration of the

appeal in this case and our holding in *English* v. *Dunn* (1971), 31 Ohio App. 2d 181, we note that in the latter the appeal was taken by the judgment creditor. In the instant cause, the appeal is being taken by the debtor and the cases are distinguishable on that ground alone. More importantly, however, in *Dunn* we held that the order directing the garnishee to pay was not appealable because the remedies provided by statute had not been exhausted; namely, the creditor had not availed himself of the civil action contemplated by R. C. 1917.41. In the instant cause, no such statutory remedy is expressly made available to the debtor, and we conclude that to reject his right of appeal from the order would be tantamount to denying him due process of law. Accordingly, plaintiff's motion to dismiss this appeal (and his argument thereunder, reiterated here) was not well taken and was accordingly overruled.

Defendant's sole assignment of error asserts that the court erred to his prejudice in overruling his motion to dismiss the proceedings and the order issued therein, where such motion was predicated on the exemption of his poor relief funds from attachment or garnishment on the authority of R. C. 5113.01. While plaintiff would press upon us the argument that such monies are protected only before disbursement to a recipient (which contention we find wholly without merit), the prime theory supporting the disposition below is contained in the entry of the trial court: "[D]efendant's welfare Poor Relief funds lost their identity once the defendant placed them in his checking account * * *." The dispositive question before us thus requires a decision not as to *when* poor relief benefits in the hands of the recipient become susceptible of attachment, but *whether* the recipient's act of depositing them into a checking account deprives the monies of the immunity afforded by statute.

It is abundantly clear that the law of Ohio exempts a certain class of property from attachment for a debt of the recipient. 23 Ohio Jurisprudence 2d 258, Exemptions, Section 27. The class includes pensions and allowances under public employees' and state teachers' retirement

laws, unemployment compensation, aid to dependant children and the aged, etc. *Id.* The Supreme Court of the United States has acknowledged the inclusion within the class of certain social security benefits, veterans compensation and insurance allowances, and veterans' disability benefits. *Philpott* v. *Essex County Welfare Board* (1973), 409 U. S. 413; *Porter* v. *Aetna Casualty & Surety Co.* (1962), 370 U. S. 159; *Lawrence* v. *Shaw* (1937), 300 U. S. 245. In each instance, the court viewed as characteristic of the class (1) a legislative purpose to grant benefits for the support and maintenance of the recipient, and (2) a corresponding legislative intent to enhance such purpose by protecting the funds and the recipients' ownership of them from the attacks of creditors. We find it logically impossible to exclude Ohio poor relief funds in the hands of the recipient from said class.

Our ultimate consideration is whether these funds may be said to retain their privileged character, consistent with legislative intent, once they are deposited to the recipients' checking account, or, conversely, whether such act of deposit partakes of a "permanent investment" of the funds, an act which arguably terminates the exemption. In *Philpott, supra*, the Supreme Court analyzed the issue in the context of savings deposits. There, the exempt property was defined in terms of "moneys paid" (409 U. S. at 416); in the instant appeal, "poor relief" is a generic term embracing commodities, services, and cash. R. C. 5113.01. In *Philpott*, the court wrote that "the funds on deposit were readily withdrawable and retained the quality of 'moneys' * * *." (Page 416.) Though we are not required to and do not decide the question as to savings accounts, it would seem to follow, and we accordingly hold that, *a fortiori*, current poor relief funds deposited in a recipient's *checking* account retains the statutory exemption. Defendant's assignment of error is accordingly sustained.

It is obvious that our holding requires—as it may in most cases of this sort—the tracing of monies on deposit to determine the amount attributable to current poor relief and welfare funds *i. e.*, those deposits deriving directly

from poor relief and welfare payments made to the recipient within a period not exceeding 59 days from the date of the order of garnishment) which are exempt from the order of garnishment. Since the state of the record does not permit this court to make that determination, the order overruling the motion below is hereby reversed and the cause is accordingly remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON, P. J., PALMER and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.