HOUSEHOLD FINANCE CORPORATION *v.* KINDER.

(No. 82 CVF 3669—Decided August 3, 1982.)

Akron Municipal Court.

*Mr. Frank E. Steel, Jr.,* for plaintiff.
*Mr. Jack Morrison, Jr.,* for defendant.

COLOPY, J. Judy C. Kinder, the defendant, motions this court for a modification of a previous order of garnishment issued to BancOhio National Bank (BancOhio) for attachment of the defendant's checking account in the amount of $1,458.41. Household Finance Corporation, the plaintiff, had earlier obtained a default judgment against the defendant on a note.

The defendant is employed by Akron General Medical Center. Her paycheck is directly deposited by her employer into her checking account at BancOhio. Akron General Medical Center requires this mode of payment. The defendant has no option to select a conventional paycheck. Direct deposit of the defendant's paycheck is a condition of employment. This mode of payment leaves the defendant exposed to attachment without the protection of the wage garnishment exemption of R.C. 2329.66(A)(13).

The issue is whether the defendant is protected by the wage garnishment exemption when the defendant's paycheck is directly deposited into a checking account as a condition of employment.

The defendant contends that she should have the protection of R.C. 2329.66(A)(13). This statute exempts a portion of personal earnings for services in the minimum amount that would be exempt according to the Consumer Credit Protection Act, Section 1673(a), Title 15, U.S. Code. The plaintiff contends that it is entitled to attach all of defendant's funds held by any financial institution. This appears to be the first time this conflict between compulsory direct deposit and attachment has arisen. The conflict between the personal earnings exemption and the attachment of funds held by a financial institution has been previously decided in favor of the creditor. The personal earnings exemption was held to have been lost once funds were deposited with a financial institution. *Dunlop* v. *First National Bank of Ariz.* (D.C. Ariz. 1975), 399 F. Supp. 855; *Usery* v. *First National Bank of Ariz.* (C.A. 9, 1978), 586 F.2d 107.

This court holds that the order of garnishment of the defendant's funds held by BancOhio must be vacated. R.C. 2329.66(A)(13) was adopted to bring Ohio's wage garnishment law in line with the federal Consumer Credit Protection Act. See Section 1673(a), Title 15, U.S. Code. In enacting the Consumer Credit Protection Act, Congress' concern was to eliminate " 'an essential element of the predatory extension of credit resulting in a disruption of employment, production, as well as consumption,' and a consequent increase in personal bankruptcies." *Kokoszka* v. *Belford* (1974), 417 U.S. 642, 650. There is strong public policy behind the limited wage exemption. The protection provided by this exemption cannot be bypassed by the employer's chosen mode

of payment. To allow the plaintiff to attach the wages in the direct deposit checking account without first garnishing the employer will leave the defendant destitute. In this case the defendant is helpless. She cannot reach the funds of her paycheck before it is deposited.

The defendant has called attention to the fact that she should have the protection provided by the wage garnishment exemption. BancOhio, because it is a financial institution is not responsible to prorate the defendant's funds into exempt and non-exempt categories. *Usery v. First National Bank of Ariz., supra.* The employer, Akron General Medical Center, is the one most capable to determine the amount exempt from wage garnishment. Therefore, the plaintiff must first garnish the wages due to the defendant in the hands of the employer. The employer may then deposit the balance into the defendant's checking account. The plaintiff may not attach these funds until the defendant has been given a reasonable opportunity to make a withdrawal from her checking account.

Without the delay in attachment of the defendant's funds there is nothing to prevent the plaintiff from simultaneously garnishing the defendant's wages and attaching the defendant's checking account when the paycheck balance is directly deposited. To allow such simultaneous execution of the judgment would circumvent the defendant's protection provided by the wage garnishment exemption.

IT IS ORDERED that the order of garnishment of the funds of Judy C. Kinder held by BancOhio National Bank is hereby revoked. The plaintiff must enforce its judgment by first seeking a garnishment of the defendant's wages in the hands of the defendant's employer. IT IS FURTHER ORDERED that no order of garnishment and attachment be sought until the defendant, Judy C. Kinder, has had a reasonable opportunity to make a withdrawal from her checking account at BancOhio National Bank.

*Judgment accordingly.*