SOCIETY NATIONAL BANK, APPELLEE, *v.* TALLMAN, APPELLANT.

(No. 3-83-18 — Decided July 8, 1984.)

Weltman, Weinberg & Assoc. Co., L.P.A., and *Allen J. Reis,* for appellee.

*John L. Spiegel,* for appellant.

GUERNSEY, J. This is an appeal by the defendant Clifford G. Tallman from a judgment of the Crawford County Municipal Court in a garnishment proceeding initiated by the plaintiff Society National Bank. No transcript of proceedings was filed in the appeal and the critical facts and findings are set forth in the judgment entry of the trial court as follows:

"Plaintiff obtained a judgment against the Defendant arising from a credit card in 1981. On May 20, 1983, Plaintiff filed a garnishment of money, other than personal earnings, to reach funds in a checking account which Defendant and his wife had at the Plaintiff bank. * * *

"* * *

"The Court finds that the funds in the checking account consist of monies from three sources; $180.00 of Defendant's $212.00 paycheck for one week's work, earned within the previous thirty days, deposited one or two days prior to the filing of the garnishment action; an unemployment check deposited May 9, 1983; and $150.00 in funds belonging to the Defendant's wife's brother. Various checks had been written against these funds, and on May 25, when the garnish[or]-Plaintiff made return, $232.83 was in the account, and was paid into the Court.

"* * *

"The Court finds that there is no notice ever sent Defendant under Ohio Rev. Code 2716.02, and that the law of Ohio does not require any such notice when attaching a checking account.

"The Court finds that the funds do not retain a partial exemption once deposited into the checking account.

"The Court does find that the $150.00 was in fact held in trust by Defendant's wife, and neither the wife nor the brother were parties to this action.

"* * *

"The Court orders $150.00 returned to Defendant for the wife's brother and $82.83 delivered to the Plaintiff."

The defendant assigns error of the trial court (1) in permitting the garnishment when the checking account contained funds exempt from garnishment, and (2) in permitting the garnishment of a checking account containing personal earnings of defendant when plaintiff failed to send defendant the notice required by R.C. 2716.02.

Defendant claims, in effect, that the $82.83 returned to the bank consisted partly of monies from his unemployment compensation check exempted from garnishment under the provisions of R.C. 4141.32 and partly of earnings at least partly exempted from garnishment under the provisions of R.C. 2329.66 (A)(13). Obviously, our record is too sketchy to tell whether this is true, for the trial court's findings do not reveal either the amount of the unemployment compensation check or whether the proceeds thereof deposited in the checking account on May 9 had been checked out of the account before the deposit of defendant's paycheck one or two days prior to the garnishment action. Nor are we assisted by the first-in, first-out rule often followed in accounting procedures, for there is here neither a statutory nor an administrative basis for such application. Thus, as to the unemployment compensation funds, for which there is a sound basis for concluding their exemption from garnishment, *First Natl. Master Charge* v. *Gilardi* (1975), 44 Ohio App. 2d 383 [73 O.O.2d 460], we must apply the usual presumption of regularity to the trial court's judgment and the usual requirement that the defendant must affirmatively show error in order to prevail. Consistent with these applications we would conclude that the

unemployment compensation funds had been checked out of the account before the balance of defendant's paycheck was deposited and that the $82.83 returned by the court's order to the bank consisted solely of money derived from defendant's paycheck. This leaves the issue squarely as to whether the partial exemption of defendant's personal earnings under R.C. 2329.66(A)(13) follows the funds into defendant's checking account in plaintiff bank when voluntarily deposited by defendant therein.

Defendant places his reliance on the *Gilardi* case, *supra*, as implemented by the case of *Bethesda Hospital* v. *Wolf*, (App. 1979), 11 O.O. 3d 168. However, the former case had to do only with current poor relief and welfare funds, and the conclusion in the latter case that partially exempt personal earnings retain their exemption even though deposited in a checking account with other funds is wholly obiter dicta in a factual situation where the source of the funds cannot be traced and "exempt" funds may not, in fact, be involved in the garnishment. We find the *Gilardi* and *Wolf* decisions not appropriate to the issue before us and definitely not binding on this court.

In our opinion, though also not binding on this court, the decision of the Akron Municipal Court in *Household Finance Corp.* v. *Kinder* (1982), 3 Ohio Misc. 2d 3, is in point and relies on more authoritative decisions involving similar issues under the federal Consumer Credit Protection Act, Section 1673(a), Title 15, U.S. Code, specifically the cases of *Dunlop* v. *First Natl. Bank of Ariz.* (D.C. Ariz. 1975), 399 F. Supp. 855; and *Usery* v. *First Natl. Bank of Ariz.* (C.A. 9, 1978), 586 F. 2d 107. The former of these two cases merely reaches the conclusion that if exempted funds retained their exempt status within a bank account, the duty of asserting that defense was not with the bank. In the latter of these cases, however, the court definitively states, at pages 110-111:

"Although there are no cases addressing whether or not compensation retains its character as 'earnings' after it has been deposited in the employee's bank account, the Supreme Court has held that income tax refunds are *not* considered 'earnings' within the meaning of the Act even if such funds can be traced to compensation in the form of wages. *Kokoszka* v. *Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The Court determined that the terms 'earnings' and 'disposable earnings' as used by the statute ['] were limited to "periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation." This view is fully supported by the legislative history.['] *Id.* at 651, 94 S. Ct. at 2436 (quoting from opinion of the Court of Appeals in that case, 479 F. 2d 990, 997 (2d Cir. 1973) ). The Court found that Congress' purpose in enacting the statute was, 'to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis.' 417 U.S. at 651, 94 S.Ct. at 2436. Like a lump sum tax return, a bank account has neither an element of periodicity nor the critical relationship to a person's subsistence that a paycheck does. We think that the rationale of *Kokoszka* supports the result here. [Emphasis *sic*.]

"* * * The Social Security Act, * * * to protect from legal process social security payments on deposit in a bank account, has similarly broad language:

" ['] [N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process * * *.['] 42 U.S.C. § 407. Unlike the Social Security Act, the Consumer Credit Protection Act protects the funds concerned only from garnish-

ment. If Congress had meant to restrict creditors' access to wages even after they left the control of the employer, it seems anomalous that it did not provide for protection from attachment of such monies while in the hands of the employee, as they did in the case of social security benefits. See Act § 302(c), 15 U.S.C. § 1672(c) (definition of 'garnishment')."

In our opinion the rationale of the *Usery* case and the *Kokoszka* case is equally applicable to Ohio's exemption and garnishment statutes. We find nothing in those statutes dictating a different result. The first assignment of error is, therefore, without merit.

R.C. 2716.02 requires that "[a]ny person seeking an order of garnishment of personal earnings" to satisfy a judgment first obtained shall make a demand upon the judgment debtor in the form set forth in that statute. The form set forth in the statute consists essentially of a notice that unless certain things are done personal earnings of the judgment debtor in the possession of his employer will be subjected to garnishment. The second assignment of error constitutes a claim, based on due process considerations, that the garnishment here was invalid because such notice, or demand, was not given.

Consistent with our conclusion under the first assignment of error that personal earnings which have been voluntarily deposited in a checking account no longer are exempt from garnishment is the associated conclusion that they have lost their character as "personal earnings" once deposited. Such being the case, the giving of a demand or notice in the form provided by R.C. 2716.02 is not required as a condition precedent to garnishment. The garnishment action is initiated and proceeds, as did the garnishment action here, as an action "in garnishment of property, other than personal earnings" (R.C. 2716.11 *et seq.*). Due process re-

quirements include for such an action the notice to the defendant set forth in R.C. 2716.13 rather than that set forth in R.C. 2716.02. We conclude that no notice was required here as prescribed by R.C. 2716.02, and the second assignment of error is wholly without merit.

*Judgment affirmed.*

MILLER, P.J., and COLE, J., concur.