**In re Marsha Ruth MURPHY, Debtor.**

**Bankruptcy No. 1–88–00003.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 18, 1988.

Stephen C. Crowe, Milford, Ohio, for debtor.

Norman L. Slutsky, Trustee, Cincinnati, Ohio.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

## DECISION and ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION CLAIM

BURTON PERLMAN, Chief Judge.

In this Chapter 7 consumer case, debtor filed an application to amend her schedule of exemptions. Among other items, debtor listed $669.00 as exempt as:

Cash, monies owing—1987 Federal Earned Income Credit, O.R.C. 2329.66 A–9(e).

The trustee objected to this exemption claim. He contends that a proper exemption under O.R.C. 2329.66 A–9(e) is only for such items as are set forth under O.R.C. § 5113.03. This, he says, is limited to general assistance and poor relief. He urges that a federal earned income credit is outside this exemption.

The express language of the Ohio exemption statute upon which debtor relies is:

O.R.C. § 2329.66

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

\* \* \* \* \* \*

(9) The person's interest in:

\* \* \* \* \* \*

(e) Poor relief payments, as exempted by § 5113.01 of the Revised Code.

\* \* \* \* \* \*

In turn, O.R.C. § 5113.01 says:

§ 5113.01

"Poor relief" defined.

As used in the Revised Code, "poor relief" means "general assistance" as defined in § 5113.01 of the Revised Code.

So far as applicable, § 5113.02 provides:

§ 5113.02 Definitions

As used in this chapter and in § 5101.16 of the Revised Code:

(A) "General assistance" means a program that provides financial assistance and general assistance, medical assistance to persons who are ineligible for public assistance programs that are supported in whole or in part by

federal funds and who meet the eligibility requirements for general assistance set forth in rules adopted by the Department of Human Service under § 5113.06 of the Revised Code.

\* \* \* \* \* \*

The ultimate question before us is whether a federal earned income credit, provided for by federal statute, falls within the sweep of "poor relief payments" exempted by the Ohio statute.

While we have found no Ohio case directly in point, Ohio cases which are helpful in resolving the present issue are *First National Master Charge v. Gilardi*, 44 Ohio App.2d 383, 73 Ohio Op.2d 460, 324 N.E.2d 576 (1975), and *Daugherty v. Central Trust Company*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986). *Daugherty* suggests that exemption statutes are to be liberally construed. In *Gilardi* the court gives some illumination of the kinds of payments which might be included in an exemption such as that here under consideration. It says at pp. 461–462, 504 N.E.2d 1100:

It is abundantly clear that the law of Ohio exempts a certain class of property from attachment for a debt of the recipient. 23 Ohio Jurisprudence 2d 258, Exemptions, Section 27. The class includes pensions and allowances under public employees' and state teachers' retirement laws, unemployment compensation, aid to dependent children and the aged, etc. *Id.* The Supreme Court of the United States has acknowledged the inclusion within the class of certain social security benefits, veterans compensation and insurance allowances, and veterans' disability benefits. *Philpott v. Essex County Welfare Board*, 409 U.S. 413 [93 S.Ct. 590, 34 L.Ed.2d 608] (1973); *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159 [82 S.Ct. 1231, 8 L.Ed.2d 407] (1962); *Lawrence v. Shaw*, 300 U.S. 245 [57 S.Ct. 443, 81 L.Ed. 623] (1937). In each instance, the court viewed as characteristics of the class (1) a legislative purpose to grant benefits for the support and maintenance of the recipient, and (2) a corresponding legislative intent to enhance such purpose by protecting the funds and the recipients' ownership of them from the attacks of creditors. We find it logically impossible to exclude Ohio poor relief funds in the hands of the recipient from said class.

\* \* \* \* \* \*

The federal earned income tax credit was provided by Congress to give relief to low income workers who have dependent children and maintain a household. S.Rep. No. 94–36, 94th Cong., 1st Sess. 11, reprinted in 1975 Code Cong.Admin.News at pp. 54, 55, 56, 64. We have no doubt that this meets the first of the criteria in *Gilardi* for an allowable exemption. As to the second of those criteria, we find, as did the court in *Gilardi*, that it is inherent in the Ohio statutory exemption of poor relief that there is a legislative intent to shield such payments from creditors.

We agree with the court in *In re Searles*, 445 F.Supp. 749, 755 (D.Ct.Conn.1978), when it says that the earned income credit is "a payment made to low-income taxpayers to help them meet basic costs of life." We reach the same conclusion as did the court in that case, that the earned income credit is exempt.

Accordingly, the objection to the claimed exemption is overruled.

So Ordered.