**Januzzi v. Ford Motor Co.**
*[Cite as 3 AOA 250]*

*Case No. 89CA004603*
*Lorain County, (9th)*
*Decided May 16, 1990*

*Thomas A. Januzzi, Attorney at Law, 520 Broadway Ave., Lorain, Ohio 44052, for Plaintiffs.*

*Keith A. Ashmus & Joel R. Hlavaty, Attorneys at Law, 1100 National City Bank Bldg., Cleveland, Ohio 44114, for Defendant.*

BAIRD, J.

This cause came before the court upon the appeal of Ford Motor Company, the garnishee, from the trial court's order in a garnishment proceeding that required Ford to pay into the court $1,726.86, which was the amount of a profit-sharing check that Ford issued to the judgment debtor, Raymond Hickman.

The appellees, Thomas Januzzi and the Bradley, Giardini and Ignatz-Hoover Company, won a money judgment against Hickman, and a part of that judgment remained unsatisfied. Thereupon, the appellees filed a motion with the lower court for an order of garnishment of property other than personal earnings, seeking to garnish a profit-sharing check in the amount of $1,726.86 that Ford allegedly owed to its employee, Hickman. The order was served upon Hickman and Ford.

The notice of garnishment arrived at Ford's Lorain assembly plant on Friday, February 17, 1989. The order was forwarded to Ford's corporate office in Detroit on Friday, February 24, and was received there on Tuesday, February 28. In Ford's March 13 answer to the notice of garnishment, the company stated that it was unable to process the notice of garnishment prior to Ford distributing the profit-sharing check to Hickman. That distribution apparently took place March 7. The appellees moved for a contempt order, claiming Ford failed to appear in court and to answer as is statutorily required. The appellees also moved for an order requiring Ford to pay funds in an amount equivalent to the profit-sharing check into the court.

The trial court denied appellees' motion for contempt but granted their motion for an order requiring Ford to deposit the garnished funds with the court. It is from this order that Ford appeals.

Before addressing the merits, we are confronted with a threshold question of jurisdiction: does an appeal lie from an order of the court directing a garnishee to pay the garnished funds into court? Based upon our review of the statutory scheme for garnishment proceedings, the applicable case law, and the facts of the case at bar, this court holds that the lower court's order, denying the judgment creditor's motion for contempt but granting its motion for the garnish-

ee to pay the garnished funds into court, is not a final order upon which an appeal can be taken.

R.C. 2716.11-2716.21 provide the statutory framework for the garnishment of property other than personal earnings. After a judgment has been obtained, the judgment creditor commences an action in garnishment by filing an affidavit with the court setting forth the judgment debtor's name, the judgment creditor's belief that the named garnishee has non-exempt property of the judgment debtor, and a description of the property. R.C. 2716.11 (A)-(C). The court then sets the matter for a hearing. R.C. 2716.13. At the same time that the judgment creditor files its affidavit, it also files a precipe with the clerk to issue to the judgment debtor a notice of garnishment and a hearing request form. R.C. 2716.13 (C)(1). The judgment debtor must deliver his request to the court within five business days of receipt of the notice. R.C. 2716.13 (C)(2). If the judgment debtor does not timely request a hearing, the court cancels the hearing it had originally scheduled. *Id.* Only the judgment debtor has the statutory right to request a hearing. *Id.*

Upon the scheduling of the hearing, the clerk of courts serves upon the garnishee three copies of the order of garnishment and also serves written notice to the garnishee to answer. R.C. 2716.13 (B). The order binds the property of the judgment debtor in the garnishee's possession from the time of service. *Id.* The garnishee's answer consists of responding to the question of whether he has the property under his control. *Id.* The answer is filed with the court and one copy sent to the judgment debtor. *Id.* If the scheduled hearing is canceled, the court issues an order to the garnishee to pay all or part of the money of the judgment debtor in his possession into court. R.C. 2716.13 (C)(5). If the garnishee does not answer, answers unsatisfactorily, or fails to comply with an order of the court, the judgment creditor may then proceed against the garnishee as is provided by law. R.C. 2716.21 (E)-(F).

In the instant case, the judgment debtor did not request a hearing and thus the court canceled the hearing it had scheduled. The garnishee, Ford, set forth the following answer:

"The above-referenced garnishment was received by Ford Motor Company on or after February 28, 1989. Because of the number of attachments received, and because of the time needed to process such actions before profit sharing distributions were processed on March 1, 1989, this garnishment could not be processed. Therefore, no liability is being disclosed and no deduction was taken from the distribution of the affected employee (assuming he/she was eligible for a distribution)."

The appellees, claiming that the answer was untimely and insufficient, moved for a contempt order. In the same motion, it requested the court to order Ford to pay the amount of the profit-sharing check into the court. The trial court denied the motion for contempt but did grant the appellees' second motion and ordered Ford to pay the funds into court.

The case before this court is not the result of a sanction imposed by the court pursuant to a finding of contempt. Instead, the appeal is taken from the court's order requiring Ford to pay the money into court. Such an order does not determine the action nor does it prevent a judgment against the garnishee, Ford, so the order does not meet the first of the two arguably applicable tests for finality under R.C. 2505.02. It as long been the practice in Ohio that the order to pay into court simply constituted an assignment of the judgment debtor's rights in the garnished property to the judgment creditor and authorized him to bring a civil action in his own name. *State, ex rel Auto Loan Co.,* v. *Jennings* (1968), 14 Ohio St. 2d 152, 156-157. This practice is still sanctioned by the current garnishment statute, R.C. 2716.21 (F). The statute, which was revised in 1982 and 1986, now allows the court to hold the garnishee in contempt for failure to obey any order made by the court in a garnishment proceeding. R.C. 2716.21 (E). It could be inferred from the statute that an order to pay the funds into court could be enforced by way of contempt.[1]

Under the statutory scheme, the garnishee only appears in the garnishment proceedings in a limited capacity as a stakeholder or custodian of the garnished funds. *English* v. *Dunn* (1972), 31 Ohio App. 2d 181, 182. Because the garnishee is not a party to the garnishment proceedings, any order to pay is not binding on him and thus if he feels the order is unfair, he need not comply with it. *Hammock* v. *Bank* (1895) 6 Ohio C.D. 105. The garnishee's and judgment creditor's right in the garnished property are not adjudicated until the garnishee is given his day in court. *Fleischer* v. *Commercial Motor Freight, Inc.* (App. 1944), 42 Ohio Law Abs. 65, 70.

R.C. 2716.21 affords the means by which the garnishee can fully litigate the issue of his liability in regard to the garnished property. In the instant case, Ford, as a nonparty to the garnishment proceedings, is not bound by the

order to pay the amount of profit-sharing check into the court, and thus its remedy is not to bring an appeal but to refuse to comply with the order. *Hammock* v. *Bank, supra.* The appellees must then proceed against the appellant as provided in R.C. 2716.21.

In a footnote to its appellate brief, Ford suggests that the order to pay is a final order under the second test of finality set forth in R.C. 2505.02, for it affects a substantial right made in a special proceeding or upon summary application in an action after judgment. The appellant refers this court to the case of *General Acc. Ins. Co.* v. *Insurance Co. of North America* (1989), 44 Ohio St. 3d 17, for the proposition that proceedings pursuant to R.C. Title 27 have been designated special statutory proceedings. See *Id.* at 22. While we agree with Ford that a garnishment proceeding is a special proceeding under 2505.02, an order to pay arising therein does not affect a substantial right of the garnishee and thus cannot be immediately appealed. Because Ford was not a party to the garnishment proceedings and thus was not bound to obey the court's order, no substantial rights were adversely affected by the order to pay into court. See *Dept. of Liquor Control* v. *The C.D. Peters Ice & Coal Co.* (1935), 52 Ohio App. 520, 522-523.

The lower court's order that Ford as garnishee should pay the garnished funds into court is an order that neither determines an action nor affects a substantial right. This court therefore concludes that it is without jurisdiction to entertain the appeal. The appeal is dismissed for lack of a final appealable order pursuant to R.C. 2505.02

*Appeal dismissed.*

CACIOPPO, P.J. , and REECE, J., concur.

---

[1] There is authority to the effect that a contempt order that imposes a sanction upon the party in contempt is a final appealable order. See *Chain Bike* v. *Spoke 'N Wheel, Inc.* (1979), 64 Ohio App. 2d 62. *State* v. *Sandlin* (1983), 11 Ohio App. 3d 84, 85, fn. 2.