**In re Judith KURILICH, Debtor.**

**Bankruptcy No. 96–50449.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 16, 1996.

Richard Wilson, Chapter 7 Trustee, Kent, OH.

Joseph Marosan, Parma Heights, for debtor.

## ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF PROCEEDS

MARILYN SHEA–STONUM, Bankruptcy Judge.

On May 30, 1996, the chapter 7 trustee filed a motion requesting that the Court enter an order directing the debtor to turn over $2,000.00 in 1995 state and federal income tax refunds that she received after the filing of her bankruptcy. Debtor did not file a response to the trustee's motion but on June 6, 1996, she filed an amendment to Schedule C which made reference to her 1995 income tax refund and claimed $268.00 as exempt property. This particular amendment to Schedule C ("Property Claimed Exempt") listed under the caption "other contingent and unliquidated claims, incl. tax refunds" an entry which stated "1995 Federal Income Tax Refund ($2,357 less $2,094 EIC)" and made reference to O.R.C. § 2329.66(A)(4)(a). To date, debtor has still not claimed an exemption in the tax refunds that are the issue of the trustee's motion. *See* 11 U.S.C. § 522; FED.R.BANKR.R. 4003; FED.R.BANKR.R. 9006.

A hearing on the trustee's motion was scheduled for and held on July 3, 1996, and appearing at that hearing were Richard Wilson, the chapter 7 trustee; and Judith Kurilich, the debtor. Ms. Kurilich's counsel did not appear but during the hearing Ms. Kurilich represented to the Court that she had objections to the trustee's motion and that her counsel was aware of those objections. The hearing was then adjourned to July 17, 1996 and debtor's counsel was directed to be present. In addition, debtor's counsel was directed to file any objections to the trustee's motion on or before July 15, 1996.

The July 17, 1996 hearing was held as scheduled and in attendance were Richard Wilson, and Joseph Marosan, debtor's counsel, who represented to the Court that his client objected to the trustee's motion. Although Mr. Marosan had not filed any objections to the trustee's motion, as was directed by the Court, he was, with the consent of the chapter 7 trustee, permitted to orally present arguments. Mr. Wilson then presented his counter arguments and the matter was taken under advisement. Based upon the following, the Court finds that the trustee's motion is well taken.

Debtor contends that pursuant to O.R.C. § 2329.66(A)(9)(e), the portion of her tax refund attributable to the federal earned income tax credit ("EITC") is not part of her chapter 7 bankruptcy estate because it constitutes exempt property. As support for her argument, debtor relies upon *In re Murphy*, 99 B.R. 370 (Bankr.S.D.Ohio 1989), a case that held that the federal EITC was exemptible by a bankruptcy debtor under O.R.C. § 2329.66(A)(9)(e). That case is not

applicable to this situation, however, as that statutory provision has been amended since the *Murphy* case was decided.

In *Murphy,* the court interpreted the purpose of the EITC in conjunction with O.R.C. § 2329.66(A)(9)(e) which at that time stated that:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:
>
> \* \* \* \* \* \*
>
> (9) The person's interest in:
>
> \* \* \* \* \* \*
>
> (e) Poor relief payments, as exempted by § 5113.01 of the Revised Code.

O.R.C. § 2329.66(A)(9)(e) (1989). Section 5113.01 of the Ohio Revised Code defined "poor relief" as "general assistance" which was then defined by O.R.C. § 5113.02 as:

> a program that provides financial assistance and general assistance, medical assistance to persons who are ineligible for public assistance programs that are supported in whole or in part by federal funds and who meet the eligibility requirements for general assistance set forth in rules adopted by the Department of Human Service under § 5113.06 of the Revised Code.

O.R.C. § 5113.02 (1989), *repealed by* 146 v H249, § 2 (July 17, 1995). Based upon those statutes, the *Murphy* Court determined that a federal EITC "fell within the sweep of poor relief payments exempted by the Ohio statute." *Murphy,* 99 B.R. at 371.

Since the time of the *Murphy* case, the "General Assistance" provisions of the Ohio Revised Code have been repealed and replaced with a chapter entitled "Disability Assistance." Section 2329.66(A)(9)(e) has also been revised to correspond to this new chapter so that it now reads:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:
>
> \* \* \* \* \* \*

> (9) The person's interest in the following:
>
> \* \* \* \* \* \*
>
> (e) Disability assistance payments, as exempted by section 5115.07 of the Revised Code.

O.R.C. § 2329.66(A)(9)(e) (1995). Section 5117.07 of the Ohio Revised Code indicates, *inter alia,* that:

> Disability assistance may be given to persons living in their own homes or other suitable quarters, but shall not be given to persons who reside in a county home, city infirmary, jail or public institution.

O.R.C. § 5117.07 (1995). Section 5115.01 of the Ohio Revised Code sets forth who is eligible for disability assistance and indicates that:

> A person who meets all of the following requirements is eligible for disability assistance:
>
> (1) The person is ineligible for aid to dependent children ... and supplemental security income ...;
>
> (2) The person is at least one of the following:
>
> > (a) Under age eighteen;
> >
> > (b) Age sixty or older;
> >
> > (c) Pregnant;
> >
> > (d) Unable to do any substantial or gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death or has lasted for not less than nine months;
> >
> > (e) A resident of a residential treatment center ...;
> >
> > (f) Medication dependent as determined by a physician ...;
>
> (3) The person meets the eligibility requirements established by the department of human services in rules adopted under section 5115.05 of the Revised Code.

O.R.C. § 5115.01 (1995).

It is evident from the foregoing that the Ohio exemption provision, which once included "poor relief payments," has been drastically modified to narrow its scope. Therefore, given that debtor has not established

for the Court that her EITC falls within the purview of the exemption provision of O.R.C. § 2329.66(A)(9)(e), and indeed given that debtor has failed formally to claim an exemption in those monies, the trustee's motion is well taken. Debtor is therefore ordered to make a full accounting to the trustee of all monies received from her 1995 state and federal income tax refund and to make arrangements to turn over all of those monies to the trustee within fifteen (15) days of the date of this Order.

**IT IS SO ORDERED.**