OPINION
This timely appeal arises from the trial court's adoption of a magistrate's decision recommending the garnishment of funds from Appellant's checking account. For the following reasons, we must affirm the judgment of the trial court.
On August 29, 1997, Dr. Patrick Haggerty ("Appellee") filed a complaint in Boardman Area Court seeking past due payment of $860.00 from Richard A. George ("Appellant"). On November 5, 1997, a magistrate's decision was filed stating that the parties agreed to settle the dispute for the amount owed plus costs of $27.00. On November 13, 1997, Appellant filed what we interpret to be an objection to the magistrate's decision whereby Appellant stated that he did not agree to settle and that his insurance had paid the disputed bill. On November 26, 1997, the trial court filed a journal entry adopting the magistrate's decision and stating that the parties were in agreement. Neither party filed a direct appeal of this decision.
On June 22, 1999, Appellee filed an Affidavit, Order and Notice of Garnishment in order to satisfy the judgment. On June 30, 1999, Appellant requested a hearing and stated that the money in his bank accounts was from Social Security disability income. The amount in dispute was deposited with the court by Charter One Bank with whom Appellant had two checking accounts. A hearing was held on August 30, 1999, where Appellant produced numerous bank transaction statements which delineated deposits of funds from Social Security and other pensions. On September 13, 1999, the magistrate filed a decision finding that Appellant's accounts contained money from sources other than Social Security or pension funds and that the deposited funds should be released to Appellee.
On September 17, 1999, Appellant filed an objection to the magistrate's opinion, again stating that the money in his accounts was from Social Security and pension funds and no other source.
On March 3, 2000, the trial court overruled Appellant's objection, adopted the magistrate's decision and ordered the deposited funds to be released to Appellee. Appellant filed a notice of appeal on March 31, 2000.
Appellant has filed a pro se brief which does not state an assignment of error but presents two arguments to this Court. First, Appellant states that all outstanding medical bills were paid on March 19, 1996, with a check from Ohio Carpenters Health and Welfare in the amount of $1,840.00. Appellant argues that the trial court failed to consider that payment in its November 26, 1997, entry.
Next, Appellant argues that the trial court erred in garnishing funds from his bank account which contained funds from Social Security and "Carpenters Disability" deposits.
Appellant's argument regarding evidence of prior payment has not been preserved for review. In order to argue this matter, Appellant was required to timely appeal the trial court's original judgment which gave rise to the garnishment action. Appellant failed to file an appeal of that entry. It is a time-honored maxim of appellate procedure that when an otherwise available appeal is not taken from an adverse judgment or order of the trial court, the affected party will be held to have agreed with that determination and, consequently, waived the right to assert error on an appeal of a related matter. See, e.g., State v. Thomas
(1980), 61 Ohio St.2d 254; State v. Bruno (1976), 47 Ohio St.2d 98. Additionally, it has long been the law of Ohio that, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit."Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69; National Amusements,Inc. v. City of Springdale (1990), 53 Ohio St.3d 60, 62.
With respect to the propriety of the garnishment, R.C. §2329.66(A)(10)(b) provides that a, "person's right to receive a payment under any pension, annuity, or similar plan or contract, * * * to the extent reasonably necessary for the support of the person * * *" is exempt from garnishment. Appellee states that Appellant's accounts with Charter One Bank contained deposits in excess of $38,000.00 and which were not attributable to Social Security or pension income. Appellee also argues that personal earnings from any source which have been voluntarily deposited in a checking account lose exemption from garnishment under R.C. § 2716.13, citing Society Nat. Bank v. Tallman (1984),19 Ohio App.3d 127, in support. Contrary to Appellee's contention, however, statutorily exempt funds do not lose their exempt status by voluntary deposit into a checking account, as long as the source of the exempt funds is known or is reasonably traceable. Daugherty v. CentralTrust Co. (1986), 28 Ohio St.3d 441, 445.
In the present case, the record contains numerous bank statements from two of Appellant's checking accounts with Charter One Bank (No. 030-020520-4 and No. 030-072770-8). Statements from account 030-020520-4 indicate funds deposited from sources titled, "VA BENEFITS US TREASURY," "SUPP SEC US TREASURY," "SOC SEC US TREASURY," "PENSION-CK ASI" and "PEN CHECKS OHIO CARPENTERS." Withdrawals and deposits pursuant to debit card transactions are also clearly discernable from the statements. Some deposits in that account were also made with no traceable source. It is clear that the bank's practice was to record the source of a deposit when able to do so.
Statements for Account No. 030-072770-8, however, indicate no traceable source of deposits except for several debit card credits totaling $952.94. Untraceable deposits with this account include an initial deposit of $16,000.00 on February 19, 1999, the day the account was opened, and a deposit of $3,961.92 on March 2, 1999. The bank statements also indicate that $922.00, the amount deposited with the trial court, was withdrawn from Account No. 030-072770-8 pursuant to a "teller withdrawal" on July 1, 1999. Prior to that transaction, the account balance was $8,691.22. It is clear from the record presented that the money was garnished from funds not traceable to an exempt source.
Accordingly, we overrule Appellant's alleged errors and affirm the judgment of the trial court. Costs taxed against Appellant.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.