OPINION *Page 2 
{¶ 1} Defendant-appellant Gail Mayo appeals a summary judgment of the Canton Municipal Court of Stark County, Ohio, which approved the creditor's bill filed against her by plaintiff-appellee Canton Student Loan Foundation. The court ordered defendant-appellee Continental Casualty Company to pay the bond it owed to appellant directly to Canton Student Loan Foundation. Appellant does not set out an assignment of error in her brief, but she argues the court erred in granting summary judgment because the funds in question were exempt from execution.
 {¶ 2} The record indicates on December 29, 2004, Canton Student Loan Foundation took a judgment against appellant and her son, Larry Mayo, in the amount of $3,050.45, in Canton Municipal Court Case No. 2004-CVF-7260. The same day, Canton Student Loan Foundation took a judgment against appellant and her daughter, Tenille Mayo, for $8,205 in Canton Municipal Court Case No. 2004-CVF-7259. Both judgments against appellant were for her children's unpaid loans from Canton Student Loan Foundation, on which appellant signed as guarantor.
 {¶ 3} On September 7, 2006, appellant received a judgment for breach of contract against Edward Sanders, who is not a party to this appeal, in the amount of $13,674 for construction services he had performed on her home. Defendant-appellee Continental Insurance is the bonding agency for Sanders. Continental admitted liability to the extent of its $10,000 bond.
 {¶ 4} Canton Student Loan Foundation filed a creditor's bill to garnish the bond pursuant to R.C. 2716.13, et seq. Appellant defended the garnishment action by alleging the funds due to her under the bond were exempt from garnishment. Pursuant *Page 3 
to 42 U.S.C. 407, the Social Security Act, the right of any person to future payments under the Act is not subject to garnishment. Appellant maintains Continental's bond is a reimbursement for the payments she made to Sanders out of her S.S.I. checks. The trial court rejected this argument and granted summary judgment in favor of Canton Student Loan Foundation.
 {¶ 5} Civ. R. 56 states in pertinent part:
 {¶ 6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse *Page 4 
 Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v. Interim Personnel,Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 9} It appears appellant contends the court was incorrect as a matter of law. Appellant bore the burden of proving the funds were exempt from garnishment, see The Fifth Third Bank of Columbus v.Bowman (February 13, 1990), Franklin App. No. 89AP-515, unreported.
 {¶ 10} In General Motors Acceptance Corporation v. Deskins (1984),16 Ohio App.3d 132, 474 N.E.2d 1207, 16 O.B.R. 140, the Court of Appeals for Cuyahoga County held "Social Security funds deposited in a bank account still maintain their exempt status, and remain exempt even though commingled with nonexempt funds, as long as the exempt source of the funds is reasonably traceable." Syllabus by the court, paragraph 3. The court cited Philpott v. Essex County Welfare Board (1973),409 U.S. 413, 93 S. Ct. 590, 34 L.Ed.2d 608, wherein the United States Supreme Court held Social Security funds deposited in a savings account still maintain their exempt status, because the funds on deposit are readily withdrawable.
 {¶ 11} The Deskins court also cited First National Master Charge v.Gilardi (1975), 44 Ohio App.2d 383 with approval. Gilardi dealt with poor relief funds deposited in a checking account. The court held such funds retain their statutory exemption from *Page 5 
attachment, and the sources of the money on deposit must be traced to determine how much is exempt from garnishment. Id. at 385-386.
 {¶ 12} In Trotter v. Tennessee (1933), 290 U.S. 354, the United States Supreme Court examined a case where disability benefits were paid to the guardian of a disabled veteran. The guardian used the funds to purchase property in Tennessee. At some point, the state of Tennessee sued to foreclose on the property on its tax lien. The guardian of the disabled veteran argued the land was exempt because it had been purchased with funds that were exempt from creditors' claims. The Supreme Court found the benefits were exempt when paid to the guardian, but when the guardian purchased land and buildings with the money, the exemption ended.
 {¶ 13} The foregoing cases demonstrate Social Security money is exempt if held in a bank account, but once it is spent, it loses its exempt status. We find the trial court did not err in holding Continental Casualty Company's bond was not exempt. *Page 6 
 {¶ 14} For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed.
 Gwin, J., Hoffman, and Edwards, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed. Costs to appellant. *Page 1